UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KUNTHEA MUONG, and all others so
similarly situated,

                 Plaintiff,

-against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION; HSBC MORTGAGE
CORPORATION USA,

                 Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-6564 (KAM)

MATSUMOTO, United States District Judge.

On November 26, 2013, *pro se* plaintiff Kunthea Muong filed this complaint seeking to, *inter alia*, declare ongoing foreclosure proceedings in state court "null and void." Plaintiff has paid the requisite filing fee to bring this action. For the reasons discussed below, the complaint is dismissed for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiff's allegations stem from a $456,000.00 mortgage on real property located at 1271 73rd Street in Brooklyn, New York ("The Property"), which plaintiff purchased on January 11, 2006. Compl. at 8, ¶¶ 55-56. This mortgage was issued by defendant HSBC Mortgage Corporation, USA, ("HSBC") and then sold to defendant Federal National Mortgage Association ("FNMA") "on or about February - April 2006." Compl. at 8, ¶¶ 56, 58. Thereafter, plaintiff states that FNMA "pooled said mortgage and note into a FNMA securitized trust [and] FNMA became the trustee of said trust and HSBC remained as the servicer of said Plaintiff's mortgage loan." Compl. at 8-9, ¶ 58.

1

Plaintiff further states that "[o]n December 21, 2009, HSBC, acting as nominee for, agent or administrator of, FNMA, acting as trustee, instituted an action to foreclose the mortgage secured by the Plaintiff's subject property, in the Supreme Court of the State of New York, County of Kings, Index No. 32515/2009." Compl. at 9, ¶ 59. Plaintiff argues that "as no default of the [n]ote existed to said Trustee and Trust, which is the lawful [h]older of Plaintiff's [m]ortgage and [n]ote, the foreclosure and foreclosure proceedings are invalid." Compl. at 9, ¶ 61.

Plaintiff asks this court to "determine that the Foreclosure Actions and Foreclosures of Plaintiffs and others mortgage loans by Defendants, were wrongful and unlawful and conducted in violation [of] New York Real Property Actions and Proceedings Law, Art. 13, §§ 1303 & 1304; and New York Uniform Commercial Code, Art. 3, Part 6, § 3-601, in the manner as alleged herein, and are null and void." Compl. at 11, ¶ 73. Plaintiff further seeks, *inter alia*, to "[r]estrain Defendants from commencing any further foreclosure actions or eviction actions against the Plaintiff or Plaintiff's tenants pending a trial on the merits of the Plaintiff's complaint," as well as monetary damages." Compl. at 11-12, ¶ 75-89.

**STANDARD OF REVIEW**

Although plaintiff is proceeding *pro se,* and her complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), she still must establish that the Court has subject matter jurisdiction over his action. See, e.g., Rene v. Citibank NA, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Furthermore, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A. Representing Others Similarly Situated

At the outset, the Court notes that *pro se* plaintiffs cannot proceed as class representatives. Thus, plaintiff may not "'appear on behalf of other 'similarly situated' persons . . . unless [s]he is an attorney licensed to practice law.'" McKnight v. Middleton, 2008 WL 4911445, at *1 (E.D.N.Y. 2008) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); see also Ayazi v. NYC Bd. of Ed., 2010 WL 4789403, at *1 (E.D.N.Y. 2010) (holding that a *pro se* plaintiff may not serve as class counsel). Therefore, plaintiff is not able to bring this action on behalf of "all other similarly-situated individuals," pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### B. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides for "[f]ederal question" jurisdiction, and § 1332 provides for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008). Here, plaintiff alleges diversity jurisdiction, but complete diversity does not exist between the parties

3

because plaintiff is a citizen of New York state and defendant HSBC is also a citizen of New York state by virtue of having its principal place of business in New York state. Compl. at 2, ¶¶ 6, 8; see 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

**C.    Foreclosure Claims**

Moreover, as plaintiff referenced, she is presently the defendant in a state court foreclosure action concerning her property and seeks to have this court intervene in that dispute with defendants. See HSBC Mortgage Corp. v. Muong, Index No. 032515/2009. However, this Court is without jurisdiction to grant plaintiff the relief she seeks, as it is well settled that judgments of foreclosure and the landlord-tenant relationship are fundamentally matters of state law. See, e.g., Ashby v. Polinsky, 328 F. App'x 20, 21 (2d Cir. 2009) (holding that the Rooker-Feldman doctrine precluded plaintiff's attempt to re-litigate a state court foreclosure judgment in federal court); Garvin v. Bank of N.Y., 227 F. App'x 7, 8 (2d Cir. 2007) (summary order) (same); McMillan v. Dep't of Bldgs., No. 12-CV-318 (ENV), 2012 WL 1450407, at *2 (E.D.N.Y. Apr. 26, 2012) (explaining that federal courts lack jurisdiction over eviction proceedings); see also Gordon v. Deutsche Bank Nat. Trust Co., No. 11 CV 5090 (WFK), 2011 WL 5325399, at *2 (E.D.N.Y. Nov. 3, 2011) (concluding that to the extent that plaintiff seeks to overturn the state court proceedings resulting in the foreclosure of his home, the Court lacks subject matter jurisdiction); Rosen v. N. Shore Towers Apartments, Inc., No. 11-CV-752 (RRM) (LB), 2011 WL 2550733, at *4 (E.D.N.Y. June 27, 2011) (noting that federal courts lack subject matter jurisdiction over eviction proceedings); Southerland v. N.Y.C. Hous. Auth., No. 10–CV–5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing wrongful eviction claim against the New York City Housing

Authority because federal courts do not have subject matter jurisdiction over landlord-tenant matters); Oliver v. N.Y.C. Hous. Auth., No. 10-CV-3204 (ARR), 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) (federal courts lack subject matter jurisdiction over state eviction actions or other landlord-tenant matters); Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233 (E.D.N.Y. Mar. 30, 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud).[1]

**CONCLUSION**

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Although plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
December 16, 2013

---

[1] Moreover, to the extent she seeks to enjoin any ongoing action in state court, her claims must also be dismissed under Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts must abstain from exercising jurisdiction where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. See Hansel v. Town Ct. for Town of Springfield, 56 F.3d 391, 393 (2d Cir. 1995). See also Clark v. Bloomberg, No. 10-CV-1263, 2010 WL 1438803, at *2 (E.D.N.Y. April 12, 2010) (Younger doctrine bars plaintiff's claims to enjoin the foreclosure action).